IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JENNIFER O'BRIAN natural mother and next friend
of ETHAN O'BRIAN, a minor                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:10CV250-SAA

MICHAEL J. ASTRUE, Commissioner of
The Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying child supplemental security income benefits under Title XVI to Ethan O'Brian ("plaintiff"). The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case; the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Jennifer O'Brian filed this action on behalf of her son Ethan O'Brian, who was born on January 1, 2000. At the time of the hearing decision, on September 1, 2009, he was nine years old and was in the third grade. Plaintiff's application for supplemental security income, protectively filed on June 21, 2007, alleged an onset date of January 1, 2004. Plaintiff alleges he is disabled due to Attention Deficit Hyperactivity Disorder (ADHD) and Oppositional Defiant Disorder (ODD). His claim was denied both initially and on reconsideration. He timely

1

requested a hearing before an administrative law judge (ALJ), and the hearing was held on September 1, 2009. The ALJ issued an unfavorable decision finding that plaintiff was not disabled on November 23, 2009. Plaintiff unsuccessfully sought review from the Appeals Council and timely filed suit in this court. The case is now ripe for review.

## II. STANDARD OF REVIEW

The Personal Responsibility and Work Opportunity Reconciliation Act statutorily amended the relevant substantive standard for evaluating children's disability claims. Under the 1996 Act, a child seeking SSI benefits based on disability will be found disabled if he has a medically determinable impairment "which results in marked and severe functional limitations," and which meets the statutory duration requirement. *See* 42 U.S.C. § 1382c(a)(3)(C) (2004). In determining disability of a child, the Commissioner, through the ALJ, works through a three-step sequential evaluation process.[1] At all stages of the proceedings the burden rests upon the plaintiff to prove disability. First, the ALJ determines whether the child is working.[2] Second, the ALJ decides whether the child has an medically determinable "severe" impairment or combination of impairments. Finally, at step three, for a finding of disabled, the ALJ must conclude the child's impairment or combination of impairments meets, medically equals or functionally equals the severity of an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02.[3] If plaintiff's impairment is severe but does not meet or equal in severity a listed impairment, the ALJ must then determine whether the impairment is "functionally equal in

---

[1] *See* 20 C.F.R. § 404.924 (2004).

[2] 20 C.F.R. § 416.924(b) (2006).

[3] 20 C.F.R. §§ 416.924(d), 416.925 (2006).

severity to a listed impairment."

Under the final regulations published by the Social Security Administration, effective January 2, 2001, the Commissioner evaluates a child's functional limitations in the following six domains:

1. Acquiring and using information;
2. Attending and completing tasks;
3. Interacting and relating with others;
4. Moving about and manipulating objects;
5. Caring for himself; and
6. Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i-vi)(2007). "An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d)(2006). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a (2007). When deciding whether a child has a marked or extreme limitation, the ALJ must consider the child's functional limitations in all areas, including their interactive and cumulative effects, then make a determination as to whether the child is disabled under the Act.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Morris v.* Shalala, 207 F.3d 744, 745 (5th Cir. 2001), citing *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir.1992). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401, quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938). In the Fifth Circuit, substantial evidence

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988), quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). This court may not overturn the Secretary's decision if it is supported by substantial evidence – "more than a mere scintilla" – and correctly applies the law. *Morris*, 207 F.3d at 745; *Anthony*, 954 F.2d at 292.

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

Of course, this standard of review is not a rubber stamp for the Commissioner's decision. It involves more than a basic search for evidence supporting the findings of the Commissioner. The court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting said findings. *Austin v. Shalala*, 994 F.2d

at 1174, citing *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir.1984). The plaintiff argues that the decisions of both the ALJ and the Appeals Counsel were not supported by substantial evidence, and thus this action must be remanded for further consideration.

### III. DISCUSSION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 21, 2007, the application date. Docket 9, p. 16. At step two, she found that plaintiff's ADHD and ODD are severe impairments. *Id.* At step three, she found plaintiff's impairments or combination of impairments did not meet or medically equal any listed impairment in 20 CFR 404, Subpart P, Appendix 1. *Id.* at 21, then concluded that the plaintiff's impairments or combination of impairments did not functionally equal a listed impairment using the required six domains. *Id.* at 22.

The ALJ held plaintiff had marked impairment in the area of "attending and completing tasks" but a less-than-marked degree of limitation or no limitation at all in the remaining five domains. Plaintiff asserts that he has at least marked limitations in the areas of interacting and relating with others, acquiring and using information and caring for himself. Although plaintiff raises the issue of functional equivalency on appeal, the court will focus on the fact that the ALJ should have found plaintiff disabled because he meets Listing 12.08 of 20 C.F.R. Part 404, Subpart P, App. 1, which provides:

> 12.08 Personality Disorders: A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and

5

are not limited to discrete episodes of illness.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:
1. Seclusiveness or autistic thinking; or
2. Pathologically inappropriate suspiciousness or hostility; or
3. Oddities of thought, perception, speech and behavior; or
4. Persistent disturbances of mood or affect; or
5. Pathological dependence, passivity, or aggressivity; or
6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;

AND

B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

When a plaintiff's impairment is either in the Listing of Impairments or is determined to be equivalent to a listed impairment, the presumption of disability applies . . . *Selders v. Sullivan*, 914 F.2d 614, 619 n.1 (5th Cir. 1990); see also *Sullivan v. Zebley*, 493 U.S. 512 (1990).

In this case, plaintiff has established that as far back as December 2005 he exhibited documented signs of a behavioral disorder meeting the requirements of Listing 12.08. The record is replete with examples of evidence that plaintiff suffers from oddities of thought, perception, speech and behavior and that he has persistent disturbances of mood, pathological aggressivity and unstable interpersonal relationships and damaging behavior, all of which satisfy the first prong of Listing 12.08 Personality Disorders. In December 2005, plaintiff put a broken piece of glass to a peer's throat in the cafeteria. Docket 9, p. 355. In March 2007, medical records document plaintiff breaking beds and windows, failing kindergarten twice, stealing and lying, and his inability to sleep or follow rules. *Id.* at 351-55. Records from Community Counseling Services dated March 7, 2007, indicate that plaintiff tried to choke his younger

6

brother. *Id.* at 343. On another occasion, plaintiff was hospitalized after he tried to hang his younger brother. *Id.* at 52, 392. Records from Dr. Samuel Fleming, a neuropsychologist who examined plaintiff, indicate that plaintiff has been sexually inappropriate with animals, friends, his younger brother and a little girl from the neighborhood. *Id.* at 392. Dr. Fleming also noted that plaintiff cannot attend Sunday school due to his behavior. *Id.* Plaintiff's mother testified that he has attacked other students, teachers and faculty every year that he has been in school and is not allowed to attend school field trips because the staff cannot handle his behavioral issues. *Id.* at 49. The record is full of examples from professionals such as these, who have examined plaintiff or personally interacted with him for years and provided the ALJ with their experiences, yet the ALJ did not mention any of these instances or the many others in her Decision at all, much less in relation to whether the plaintiff's impairment meets Listing 12.08. In the court's opinion, these and the many other instances in which plaintiff has been involved clearly evidence oddities of behavior, aggresivity and damaging behavior sufficiently to meet the requirements of 12.08(A).

The ALJ held, and the undersigned agrees, that plaintiff has marked limitation in the area of "attending and completing tasks." This domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through and finish activities, including the mental pace at which he performs activities and the ease of changing activities. This conclusion? evaluation? similarly satisfies 12.08(B)(3), the requirement that plaintiff have marked difficulties in maintaining concentration, persistence or pace.

Plaintiff arguably satisfies all four sub-parts of 12.08B, but it is clear that at the very least he satisfies 12.08(B)(2), marked difficulties in maintaining social functioning. Plaintiff has

7

repeatedly assaulted, both physically and sexually, other children, teachers, his family members including his younger brother, and animals. Just a few examples of this include: choking his brother (Docket 9, p. 343), attempting to hang his brother (*Id.* at p. 52, 392), attempting to cut child's throat with piece of glass (*Id.* at 355), stealing from teacher (*Id.* at 351-55), being diagnosed at Alliance Health Center with peer relationship problems and "putting his little brother in harm's way intentionally and acting out socially with other children." Also while receiving in-house treatment at Alliance Health Center, plaintiff exhibited issues with anger and fighting. Plaintiff has exhibited inappropriate sexual touching of his brother, friends and animals. *Id.* at 409. Even the school he attends has expressed a desire to transfer him to an alternative school due to his aggressive behavior towards his peers and teachers. *Id.* at 436. These are just a few of the many examples of plaintiff's inability to maintain social relationships with his family and peers which satisfy Listing 12.08(B)(2).

The court has carefully reviewed the entire record in the case, and there is clearly substantial evidence that plaintiff meets Listing 12.08. The ALJ concluded without elaboration that the "claimant's oppositional/defiant disorder fails to meet or medically equal in severity the requirements of Section 112.08 of the Listing of Impairments . . . ." In other words, she appears merely to have parroted the listing requirements without further explanation of why the evidence supports a finding that plaintiff fails to meet each component of the listing. While it is true that the criteria for the listings are demanding and stringent, *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994), and it is the plaintiff's burden to prove that his condition satisfies the listing, the record evidence in this case firmly establishes that the plaintiff's impairments meet Listing 12.08.

Where an ALJ merely states a summary conclusion that the plaintiff's impairments did

8

not meet or equal any listed impairment, without identifying the relevant listed impairments, discussing the evidence, or explaining her reasoning, the decision is not supported by substantial evidence. *Burnett v. Comm. of Social Sec.*, 220 F.3d 112, 119-20 (3rd Cir. 2000); see also *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As the *Clifton* Court stated, "[s]uch a bare conclusion is beyond meaningful judicial review." *Clifton*, 79 F.3d at 1009. In this case, the ALJ failed to outline any of the required factors and information to evaluate plaintiff's claims. The ALJ failed to meaningfully review plaintiff's case, and, therefore, the court holds that the ALJ's decision was not based on substantial evidence.

## IV. DETERMINATION OF BENEFITS

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, the plaintiff has been very patient. He has been seeking benefits through the administrative processes for four years.[4] The evidence in this case is clear. Plaintiff's treating physicians, teachers and counselors have noted that plaintiff has all of the requisite elements necessary to meet Listing 12.08, and his mother has continuously tried to receive treatment for these impairments despite the fact that she has very little in terms of funds to do so. Plaintiff's behavioral issues fall squarely within the requirements of Listing 12.0 of the Social Security Act, and the plaintiff is therefore presumed disabled under the Act. Accordingly, the court holds that because the evidence is conclusive, an

---

[4] Plaintiff protectively filed his application for benefits on June 21, 2007.

award of benefits at this stage would be in the best interests of the plaintiff's health and welfare and will avoid further undue delay which would result upon remand for additional review. The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## V.  PLAINTIFF'S REMAINING ARGUMENTS

Because the court has determined that the plaintiff is disabled under the Social Security Act, and this action is being remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act, the court need not address the merits of the plaintiff's remaining arguments at this time.

## VI.  CONCLUSION

For the foregoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence, that plaintiff's impairments fall within the requirements of Listing 12.08, and plaintiff is entitled to benefits under the Social Security Act.  This case is remanded for the sole purpose of determining the amount of benefits to be awarded.  An final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 22nd day of June, 2011.

   /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE